**Arnold REISMAN; Ellen Reisman, Petitioners–Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 00–1660.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2001.

Before BATCHELDER and CLAY, Circuit Judges; POLSTER, District Judge.*

Petitioners–Appellants, Arnold Reisman (Reisman) and Ellen Reisman (Mrs. Reisman) (collectively referred to as "Taxpayers"), appeal the Tax Court's decision upholding the Commissioner's determination that Taxpayers were liable for a tax deficiency in the amount of $117,567 for the tax year ending on December 31, 1994. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a). The sole question presented in this appeal is whether the amount of money received by Taxpayers, in settlement of claims against Reisman's former employer, constituted compensation for damages for personal injuries and was hence not includable in income under § 104(a) of the Internal Revenue Code.

Reisman brought a federal suit against his employer, Case Western Reserve University (CWRU), and six named individuals, in which he sought damages and other relief under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Reisman and his wife also brought a state suit against CWRU and twelve named individuals in which they sought damages for age discrimination, invasion of privacy, defamation, intentional infliction of emotional distress, and loss of consortium.

The parties eventually reached a settlement agreement. The agreement provided that Reisman would resign and relinquish his tenure rights, that each side would relinquish all claims against the other, and that CWRU would pay $350,000 to Reisman. The agreement, however, contained no allocation of the settlement payment to specific claims or to Reisman's resignation and relinquishment of tenure.

Taxpayers did not include the $350,000 settlement payment in gross income on their joint federal income tax return for 1994. The Commissioner determined that the settlement payment represented gross income to Taxpayers and asserted a tax deficiency. Upon review, the Tax Court upheld the Commissioner's determination.

In their timely appeal, " 'Taxpayers challenge the Tax Court's judgment and reassert their contention that the settlement payment is excludable from their gross income."

█ This court reviews the factual findings of the Tax Court for clear error and reviews de novo the application of the law by the Tax Court. *See Ekman v. Commissioner,* 184 F.3d 522, 524 (6th Cir. 1999). Factual findings of the Tax Court are not clearly erroneous unless the court is left with the definite and firm conviction that a mistake has been committed. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). When reviewing for clear error, the court cannot substitute its judgment for that of the Tax Court but rather must uphold the Tax Court's account of the evidence if it is plausible in light of the record viewed in its entirety. *See id .* at 574. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* Furthermore, where the Tax Court's findings of fact rest upon credibility determinations, the factfinder's choice must be accorded even more defer-

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

ence. *See id.* at 575. The Commissioner's determination of a tax deficiency is presumptively correct and the taxpayer has the burden of proving that the determination is erroneous or arbitrary. *See Kearns v. Commissioner,* 979 F.2d 1176, 1178 (6th Cir.1992) (citing *United States v. Janis,* 428 U.S. 433, 440, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976)).

■ The Tax Court properly determined that the settlement payment constitutes gross income. Taxpayers contend that the settlement payment is excludable from their gross income as it was made to compensate them for damages they received on account of personal injuries pursuant to Internal Revenue Code § 104(a)(2). Under § 61(a) of the Internal Revenue Code taxpayers are liable for all gross income, meaning "all income from whatever source derived." 26 U.S.C. § 61(a). This section is construed liberally in recognition of Congress's intent to tax all gains except those specifically exempted. *See Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 430, 75 S.Ct. 473, 99 L.Ed. 483 (1955). Gross income, however, does not include the amount of any damages received on account of personal injuries or sickness. *See* 26 U.S.C. § 104(a)(2). Exclusions to § 61(a) are narrowly construed. *See Commissioner v. Schleier,* 515 U.S. 323, 328, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995). Thus, to satisfy his burden of showing that compensation is excludable under 26 U.S.C. § 104(a)(2), the taxpayer must show that: (1) there was an underlying claim sounding in tort; (2) the claim existed at the time of the settlement; (3) the claim encompassed personal injuries; and (4) the agreement was executed "in lieu" of the prosecution of the tort claim and "on account of" the personal injury, rendering it a settlement rather than a mere severance agreement. *See*

*Greer v. United States,* 207 F.3d 322, 328 (6th Cir.2000).

Taxpayers did not meet their burden of showing that the settlement payment is excludable under 26 U.S.C. § 104(a)(2). To the extent the settlement payment was in exchange for Reisman's federal ADEA action, Reisman's recovery is taxable because an ADEA claim does not sound in tort. *See Schleier,* 515 U.S. at 334–36. To the extent the settlement payment was in exchange for Reisman giving up his rights as a tenured professor, such an award is includable as gross income based on a recognition that an individual must pay taxes on wages. *See Kurowski v. Commissioner,* 917 F.2d 1033, 1036 (7th Cir. 1990). To the extent the settlement payment was in exchange for Reisman's breach of contract claim, Reisman's recovery would not be excludable from gross income under § 104(a)(2). *See United States v. Benson,* 67 F.3d 641, 646 (7th Cir.1995). To the extent the settlement payment was in exchange for Reisman's state court claim for punitive damages, Reisman's recovery would not be excludable from gross income under § 104(a)(2). *See O'Gilvie v. United States,* 519 U.S. 79, 90, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996).

■ Taxpayers also did not meet their burden of showing that the settlement payment is excludable under 26 U.S.C. § 104(a)(2) with respect to their state court claims. Where, as here, the settlement agreement lacks express language of purpose, the court looks beyond the agreement to other evidence that may shed light on the intent of the payor as to the purpose in making the payment. *See Knuckles v. Commissioner,* 349 F.2d 610, 613 (10th Cir.1965). Other evidence may include the amount paid, the circumstances and amount paid pursuant to other agreements that the employer has entered into, the factual circumstances that led to the

agreement, and any other facts that may reveal the employer's intent. *See Pipitone v. United States,* 180 F.3d 859, 864–65 (7th Cir.1999).

The Tax Court heard testimony that CWRU became dissatisfied with Reisman's employment with the university because Reisman engaged in disruptive behavior. The university attempted to settle with Reisman for $300,000 because the university viewed the settlement as a buyout of Reisman's tenured contract, and the university normally buys out a tenured position at approximately three times the individual's annual salary (Reisman's annual salary was approximately $100,000). An additional $50,000 was added to the settlement offer to sweeten the deal, especially in view of the likely litigation expenses CWRU would incur in the pending federal appeal and pending state court lawsuit. The university's over-arching desire was to remove Reisman as an employee. Thus, the evidence supports a finding that CWRU intended to buy out Reisman's tenured contract and did not intend to compensate Taxpayers in lieu of their prosecution of tort claims and on account of their personal injuries

Accordingly, we affirm the Tax Court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.